UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY THOMAS,

         Plaintiff,

                                  Case No. 15-12015
v.                            HON. TERRENCE G. BERG

RANDY HAAS,

         Defendant.
_____/

**OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS; (2) A CERTIFICATE OF APPEALABILITY; AND (3) LEAVE TO APPEAL *IN FORMA PAUPERIS***

    Timothy Thomas, ("Petitioner"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84; possession of a firearm during the commission of a felony, second offense, Mich. Comp. Laws § 750.227b; and felon in possession of a firearm, Mich. Comp. Laws § 750.224f. For the reasons stated below, the application for a writ of habeas corpus is DENIED WITH PREJUDICE.

## I. FACTUAL BACKGROUND

    Petitioner was charged with armed robbery, assault with intent to commit murder, and the two firearm offenses. Petitioner was found guilty of the lesser offense of assault with intent to do great bodily harm less than murder and the two

firearms offenses following a jury trial in the Wayne County Circuit Court. Petitioner was acquitted of the armed robbery charge.

The relevant facts regarding petitioner's conviction, as stated in the Michigan Court of Appeals' opinion affirming his conviction, are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F. 3d 410, 413 (6th Cir. 2009):

> Defendant's convictions stem from a shooting that occurred during an attempted drug transaction. According to Mark Atty and Yousef Hemana, they went to defendant's Detroit home to purchase Vicodin. An argument ensued, and defendant fired two gunshots toward Hemana, striking him once in his upper left leg. Hemana jumped through a window to escape, and a neighbor assisted him and called the police.
>
> \*\*\*
>
> Defendant admitted that he fired two shots toward Hemana. One shot missed, and the other struck Hemana in the leg. Both Hemana and Atty testified that defendant ordered another man, "Marlow," to kill Hemana and Atty. According to Atty, defendant stated that he wanted to see Hemana bleed.
>
> \*\*\*
>
> Here, defendant fired two shots toward Hemana from a weapon described as an "Uzi" or "Tech–9" at a distance of approximately four feet.

*People v. Thomas*, No. 312483, 2013 WL 6670824, at *1 (Mich. Ct. App. Dec. 17, 2013).

Petitioner's conviction was affirmed on appeal. *Id., appeal denied in part and rev'd in part on other grounds,* 495 Mich. 1002, 846 N.W.2d 52 (2014).[1]

Petitioner seeks a writ of habeas corpus on the following ground:

> There was insufficient evidence that he had the requisite intent to commit great bodily harm less than murder because Thomas's actions were taken in self defense.

## II. LEGAL STANDARD

28 U.S.C. § 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the

---

[1] The Michigan Supreme Court reversed the trial court's restitution order and remanded the matter to the trial court to conduct an evidentiary hearing on the issue of restitution. The issue of restitution is not before this Court.

facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court explained that "a federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) ((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*, at 103.

### III. DISCUSSION

Petitioner claims that there was insufficient evidence to sustain his conviction for assault with intent to do great bodily harm less than murder.

4

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Id.* at 318-19 (internal citation and footnote omitted) (emphasis in the original). Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* In fact, the *Jackson* standard "is so demanding that '[a] defendant who challenges the sufficiency of the evidence to sustain his conviction faces a nearly insurmountable

5

hurdle.'" *Davis v. Lafler*, 658 F. 3d 525, 534 (6th Cir. 2011) (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009) (internal quotation marks omitted)). Therefore, for a federal habeas court reviewing the sufficiency of evidence for a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012).

Finally, on habeas review, a federal court does not reweigh the evidence or re-determine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the fact finder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).

Petitioner first argues that there was insufficient evidence that he acted with the specific intent to do great bodily harm, as required to support his conviction for assault with intent to do great bodily harm.

Under Michigan law, the elements of assault with intent to do great bodily harm less than murder are: (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder. *Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004) (citing *People v. Mitchell,* 149 Mich. App. 36, 38; 385 N.W. 2d 717 (1986)). The term "intent

to do great bodily harm less than murder" has been defined as an intent to do serious injury of an aggravated nature. *Mitchell,* 149 Mich. App. at 39.

The evidence, when viewed in a light most favorable to the prosecution, established that petitioner fired two gunshots towards Hermana with an Uzi or a Tech-9 weapon from a distance of four feet. Petitioner also ordered a man with him to kill Hermana and Atty. Both Petitioner's statement and his act of firing two gunshots at Hermana at close range support the conclusion that he had the specific intent to do great bodily harm to Hermana, sufficient to support his conviction. *See People v. Parcha*, 227 Mich. App 236, 239; 575 N.W. 2d 316 (1998).

Petitioner further claims that the evidence was insufficient to rebut his self-defense claim. This claim fails for two reasons.

First, this portion of petitioner's claim is not cognizable on habeas review. Under Michigan law, self-defense is an affirmative defense. *See People v. Dupree,* 486 Mich. 693, 704, 712; 788 N.W. 2d 399 (2010). "An affirmative defense, like self-defense, 'admits the crime but seeks to excuse or justify its commission. It does not negate specific elements of the crime.'" *People v. Reese*, 491 Mich. 127, 155, n. 76; 815 N.W.2d 85 (2012) (quoting *Dupree,* 486 Mich. at 704, n. 11). Although under Michigan law the prosecutor is required to disprove a claim of self-defense, *see People v. Watts*, 61 Mich. App. 309, 311, 232 N.W.2d 396, 398 (1975), "[p]roof of the nonexistence of all affirmative defenses has never been constitutionally required[.]" *See Smith v. United States,*133 S. Ct. 714, 719 (2013) (quoting *Patterson v. New York*, 432 U.S. 197, 210 (1977)). The Supreme Court and the Sixth Circuit have

rejected the argument that the Constitution requires the prosecution to disprove self-defense beyond a reasonable doubt. *See Gilmore v. Taylor*, 508 U.S. 333, 359 (1993) (Blackmun, J., dissenting) ("In those States in which self-defense is an affirmative defense to murder, the Constitution does not require that the prosecution disprove self-defense beyond a reasonable doubt"); *Martin v. Ohio*, 480 U.S. 228, 233-36 (1987); *see also Allen v. Redman*, 858 F. 2d 1194, 1197 (6th Cir.1988) (explaining that habeas review of sufficiency-of-the-evidence claims is limited to elements of the crimes as defined by state law and citing *Engle v. Isaac*, 456 U.S. 107 (1982), and *Duffy v. Foltz*, 804 F. 2d 50 (6th Cir. 1986)). Therefore, "the due process 'sufficient evidence' guarantee does not implicate affirmative defenses, because proof supportive of an affirmative defense cannot detract from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime." *Caldwell v. Russell,* 181 F. 3d 731, 740 (6th Cir. 1999). This portion of petitioner's claim does not amount to a challenge to the sufficiency of the evidence in support of the essential state law elements of assault with intent to do great bodily harm; rather, petitioner "only faulted the jury's refusal to credit his proffered affirmative excuse or justification" for the shooting. *Id.* Consequently, petitioner's claim that the prosecutor failed to disprove his affirmative defense is non-cognizable on habeas review. *Id.; Allen v. Redman,* 858 F. 2d at 1200.

    Secondly, petitioner's claim that the prosecution failed to disprove his self-defense claim basically involves a challenge to the credibility of the witnesses.

Under Michigan law, one acts lawfully in self-defense if he honestly and reasonably believes that he is in danger of serious bodily harm or death, as judged by the circumstances as they appeared to the defendant at the time of the act. *Blanton v. Elo*, 186 F. 3d 712, 713, n. 1 (6th Cir. 1999) (citing *People v. Heflin*, 434 Mich. 482; 456 N.W. 2d 10 (1990)). Although petitioner testified that he shot at Hemana and Atty because he felt threatened by the men, Hemana and Atty testified that petitioner shot at them after Hemana and petitioner got into an argument. Petitioner told another person to kill Hemana and Atty. Petitioner also said he wanted to see Hemana bleed. Hemana and Atty tried to get away, with Hemana escaping out of a window as petitioner fired his gun at him twice, hitting him in the leg. If believed, as it was by the jury here, the victims' testimony refutes petitioner's self-defense claim.

A federal court reviewing a state court conviction on habeas review that is "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Cavazos,* 132 S. Ct. at 6 (quoting *Jackson*, 443 U.S. at 326). Although petitioner presented some evidence in support of self-defense, and petitioner's interpretation of the evidence differs from that of the state court, "in light of the deference to be accorded to state-court factfinding under § 2254(e), as well as the traditional deference accorded to the jury's resolution of disputed factual issues," petitioner is unable to show that the Michigan Court of Appeals unreasonably

9

determined that the prosecutor disproved petitioner's self-defense claim. *See Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000). Because the jury essentially chose to reject petitioner's testimony that he acted in self-defense, which is a credibility determination to which this Court must defer, petitioner is not entitled to habeas relief on his sufficiency of evidence claim. *See Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 597-98 (E.D. Mich. 2001).

Finally, to the extent that petitioner challenges the credibility of the prosecution's witnesses, he would not be entitled to relief. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review for sufficiency of evidence. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). The existence of sufficient evidence to convict defeats a petitioner's claim based on credibility of witnesses. *Id.* Any insufficiency of evidence claim that rests on an allegation of the witnesses' credibility, which is the province of the finder of fact, does not entitle a habeas petitioner to relief. *See Tyler v. Mitchell,* 416 F. 3d 500, 505 (6th Cir. 2005).

## IV. CONCLUSION

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the

applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), *see also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Millender v. Adams,* 187 F. Supp. 2d at 880. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d at 798.

//
//
//
//
//
//

## V.  ORDER

Based upon the foregoing, the Petition for a Writ of Habeas Corpus is

**DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

**SO ORDERED.**

Dated:  April 28, 2016                         s/Terrence G. Berg
                                                                TERRENCE G. BERG
                                                                UNITED STATES DISTRICT JUDGE


### Certificate of Service

I hereby certify that this Order was electronically submitted on April 28, 2016, using the CM/ECF system, which will send notification to all parties.  A copy of this Order was also mailed to the Macomb Correctional Facility 34625 26 Mile Road, New Haven, Michigan 48048 directed to Petitioner's attention.

                                                                s/A. Chubb
                                                                Case Manager